# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION

| | |
|---|---|
| JULIO LOPEZ, | ) CV 04-07610-SH |
| Plaintiff, | ) MEMORANDUM DECISION AND ORDER |
| v. | ) |
| JO ANNE B. BARNHART, Comm. Social Security Administration, | ) |
| Defendant. | ) |

This matter is before the court for review of the decision by the Commissioner of Social Security denying Plaintiff's application for Disability Insurance Benefits under Sections 216(I) and 223 of the Social Security Act. Pursuant to 28 U.S.C. § 636(c), the parties have consented that the case may be handled by the undersigned. The action arises under 42 U.S.C. § 405(g), which authorizes the court to enter judgment upon the pleadings and transcript of the record before the Commissioner. The Plaintiff and the Defendant have filed their pleadings, the Defendant has filed the certified transcript of record, and the parties have filed a joint stipulation. After reviewing the matter, the court

1  concludes that the decision of the Commissioner should be reversed and the case
2  remanded with instructions that the Administrative Law Judge (1) obtain
3  evidence concerning the exact nature of Plaintiff's past relevant work, including
4  the precise duties and responsibilities of the position; (2) obtain evidence
5  concerning the reasons for Plaintiff's termination from his past position as a
6  security guard; and (3) obtain evidence from a vocational expert to clarify the
7  effect of the assessed limitations on Plaintiff's occupational base, posing
8  hypothetical questions that reflect the specific capacity/limitations established by
9  the record as a whole.

10      On January 13, 1999, Plaintiff Julio Lopez ("Plaintiff") filed an application
11 for a period of disability, disability insurance benefits, and supplemental security
12 income payments, alleging an inability to work since July 11, 1997, due to a low
13 back pain, hypertension, ulcers, and arthritis in his knees. (Administrative
14 Record ["AR"] 21, 35). The Social Security Administration denied the claim
15 initially, and on reconsideration. (AR 71-74; 77-80). Plaintiff filed a timely
16 request for an administrative hearing and, on February 26, 2001, participated in a
17 hearing. (AR 35, 81). On March 28, 2001, an Administrative Law Judge
18 ("ALJ")[1] determined that Plaintiff was not disabled within the meaning of the
19 Social Security Act because he was able to perform his past relevant work as a
20 handpackager with a plastics company. (AR 263-268).
21 Plaintiff then requested review by the Appeals Council. (AR 275-278).

22      On October 3, 2001, the Appeals Council granted Plaintiff's request for
23 review, vacated the hearing decision, and remanded the case to an ALJ for
24 further proceedings, and with specific instructions.[2] (AR 279-283). A hearing
25 was held on July 9, 2002, and on November 7, 2002, an ALJ[3] determined that
26 Plaintiff was not disabled within the meaning of the Social Security Act because
27 he was able to perform his past relevant work as an unarmed security guard "as
28 actually performed." (AR 15-32).

On November 22, 2002, Plaintiff requested review of the ALJ's hearing decision by the Appeals Council. (AR 12-13). On August 30, 2004, the Appeals Council denied Plaintiff's request for review, and the ALJ's decision became the final decision of the Commissioner. (AR 7-9). Plaintiff then initiated the present civil action for judicial review pursuant to 42 U.S.C. § 405(g).

Plaintiff makes one challenge to the ALJ's determination. Plaintiff alleges that the ALJ's determination that he is able to perform his past relevant work, as actually performed, is not supported by substantial evidence. Plaintiff argues that because the ALJ found that he was limited to performing unskilled work, the ALJ was forestalled from reaching a determination that he could perform his past relevant work, which falls within the semi-skilled category.[4] Plaintiff argues that, in the absence of explicit findings regarding the actual demands and responsibilities of his previous position, the ALJ's determination that he could perform his work as a security guard - a semi-skilled job - despite being limited mentally and physically to unskilled work, is not supported by substantial evidence.

At step four of the five-step disability determination process, claimants have the burden of showing that they can no longer perform their past relevant work. 20 C.F.R. 404.1520(e), 416.920(e). Although the burden of proof lies with the claimant at step four, the ALJ still has a duty to make the requisite factual findings to support his conclusion. This is done by looking at the residual functional capacity of the claimant, and the physical and mental demands of the claimant's past relevant work. 20 C.F.R. 404.1520(f), 416.920(f). The Ninth Circuit "ha[s] never required explicit findings at step four regarding a claimant's past relevant work . . . as actually performed;" however, in the absence of such explicit findings, "[t]he vocational expert . . . has to find that a claimant can or cannot continue his or her past relevant work." *Pinto v. Massanari*, 249 F.3d 840, 844-845 (9th Cir. 2001).

In the present matter, the ALJ made no explicit findings regarding the claimants' past relevant work as actually performed. The ALJ did not determine what the particular duties of the work were, what specific skills were required, or whether or not Plaintiff's ability to perform only unskilled work foreclosed him from properly performing his past relevant work. Consequently, the testimony of the vocational expert was essential in determining whether Plaintiff could or could not continue his past relevant work. *See Pinto*, 249 F.3d at 845.[5]

The ALJ's limited questioning of the vocational expert, however, elicited very little testimony, and the testimony it did elicit tends to contradict the ALJ's ultimate determination. First, the court notes that the ALJ failed to present a hypothetical question to the vocational expert which accurately represented Plaintiff's mental and physical limitations. The ALJ even notes in his decision that he did not pose a specific hypothetical question to the vocational expert. (AR 30).

Second, notwithstanding the generality of the question posed by the ALJ, the expert opined that Plaintiff would have difficulty performing his past relevant work because his restriction to performing slow and repetitive tasks would render him unable to confront emergencies that could conceivably arise in the performance of this work. It is unclear from this comment whether or not the expert believed that Plaintiff's limitations made it impossible or impracticable for him to perform his past relevant work. The ALJ ought to have clarified the impact of this limitation, and reach the expert's unequivocal determination as to Plaintiff's ability to perform his past work, by further questioning the expert. Instead, the ALJ abruptly ended the hearing, and in his decision, simply stated that, despite the vocational expert's comments to the contrary, Plaintiff "could do the work of a security guard, which is very low level semi-skilled work." (AR 31).

The only reasoning the ALJ gives for his decision is that Plaintiff "has

done this work with the same [physical and mental] limitations I have found, and could continue to do that work with those limitations." (AR 31). He attempts to bolster his conclusion by noting that no evidence established that Plaintiff "could not tolerate ordinary job stress." (AR 31). However, given the nature of Plaintiff's past work, the kind of job stress Plaintiff would be required to tolerate would not likely be considered "ordinary." Rather, the emergency situations in which a security guard - even an unarmed, low-level guard - might find himself are unlike those of other jobs, and are likely to cause stress not likely to arise in "ordinary" jobs. Had the ALJ obtained evidence regarding the mental/emotional demands of Plaintiff's past work as actually performed, he might have been able to support his conclusion. However, in the absence of such evidence, and given the vocational expert's testimony which, though limited, appears to weigh in favor of the Plaintiff's position in this case, the court finds that the ALJ's determination is not supported by substantial evidence.

For the foregoing reasons, the court concludes that the decision of the Commissioner should be reversed and the case remanded with instructions that the Administrative Law Judge (1) obtain evidence concerning the exact nature of Plaintiff's past relevant work, including the precise duties and responsibilities of the position; (2) obtain evidence concerning the reasons for Plaintiff's termination from his past position as a security guard; and (3) obtain evidence from a vocational expert to clarify the effect of the assessed limitations on Plaintiff's occupational base, posing hypothetical questions that reflect the specific capacity/limitations established by the record as a whole.

DATED: <u>November 9, 2005</u>

_____/s/_____<br>
STEPHEN J. HILLMAN<br>
UNITED STATES MAGISTRATE JUDGE

---

[1] Judge James S. Carletti

[2] In particular, the Appeals Council instructed that "Upon remand, the

Administrative Law Judge will . . . [o]btain additional evidence concerning the claimant's mental status in order to complete the administrative record . . . [e]valuate the claimant's mental impairments in accordance with the special technique described in 20 CFR 404.1520a and 416.920a, and document application of the technique in the decision by providing specific findings and appropriate rationale for each of the functional areas described in 20 CFR 404.1520a(c) and 416.920a(c) . . . [and o]btain evidence from a vocational expert to clarify the effect of the assessed limitations on the claimant's occupational base [and] to determine the exact nature of the claimant's past relevant work . . . The hypothetical questions should reflect the specific capacity/limitations established by the record as a whole." (AR 281-283).

[3] Judge Earl J. Waits

[4] See the vocational expert's testimony, AR 67 (testifying that Plaintiff's work as a security guard qualified as light, semi-skilled work).

[5] *See also* the instructions given to the ALJ by the Appeals Council in their remand, including a direction to "[o]btain evidence from a vocational expert to clarify the effect of the assessed limitations on the claimant's occupational base [and] to determine the exact nature of the claimant's past relevant work . . . The hypothetical questions should reflect the specific capacity/limitati